UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Larkland Richards, # 281768, | C/A No. 8:12-0476-MBS-JDA |
| Petitioner, | |
| vs. | Report and Recommendation |
| ~~South Carolina Department of Correction~~, Cecilia Reynolds, *Warden of Kershaw Correctional Institution*, | |
| Respondent. | |

## *Background of this Case*

Petitioner is an inmate at the Kershaw Correctional Institution of the South Carolina Department of Corrections. On February 6, 2002, in the Court of General Sessions for Aiken County, Petitioner pled guilty to distribution of crack cocaine (Indictment No. 2002-GS-02-039) and was sentenced to twelve (12) years in prison. No direct appeal was filed.

Petitioner's exhibit (ECF No. 1-1) indicates that he filed an application for post-conviction relief (Case No. 2003-CP-02-042) and that on November 12, 2003, the Honorable Jackson V. Gregory, South Carolina Circuit Judge, granted post-conviction relief. A search on the South Carolina Judicial Department website (http://www.judicial.state.sc.us/, last visited on Feb. 23, 2012) reveals that the Attorney

General of South Carolina appealed to the Supreme Court of South Carolina. On August 15, 2005, the Supreme Court of South Carolina reversed the Circuit Court:

> **PER CURIAM:** This matter is before the Court on a petition for a writ of certiorari. We grant the petition, dispense with further briefing, and reverse the order of the post-conviction relief (PCR) judge.
>
> The PCR judge granted Respondent's application after finding the indictment which charged him with distribution of crack cocaine was insufficient to confer subject matter jurisdiction on the circuit court because it did not include the mens rea element of "knowingly." The analysis which formed the basis of the PCR judge's ruling, i.e., that an insufficient indictment resulted in a lack of subject matter jurisdiction by the circuit court in Respondent's case, is no longer valid. See State v. Gentry, 363 S.C. 93, 610 S.E.2d 494 (2005) and Evans v. State, 363 S.C. 495, 611 S.E.2d 510 (2005) (both holding that subject matter jurisdiction is the power of a court to hear and determine cases of the general class to which the proceedings belong; the indictment is a notice document and issues relating to the sufficiency of an indictment or the indictment process generally are not issues of subject matter jurisdiction, but must be timely raised to the trial judge in order to be preserved for appellate review).
>
> Regardless, the issue is without merit. The indictment in Respondent's case stated:
>
>> DISTRIBUTION OF CRACK COCAINE
>> That LARKLAND RICHARDS AKA JAMAICAN RICH did in Aiken County on or about March 29, 2001, distribute to an undercover operative a quantity of Crack Cocaine, a controlled substance under provisions of § 44-53-110, et seq., Code of Laws of South Carolina (1976), as amended, such distribution not having been authorized by law.
>
> The true test of the sufficiency of an indictment is not whether it could be made more definite and certain, but whether it contains the necessary elements of the offense intended to be charged and sufficiently apprises the defendant of what he must be prepared to meet. See Gentry, 363 S.C. at 103, 610

> S.E.2d at 500 (explaining that "[i]n determining whether an indictment meets the sufficiency standard, the court must look at the indictment with a practical eye in view of all the surrounding circumstances," and citing precedent and S.C. Code Ann. § 17-19-20 (2003)); State v. Gill, 355 S.C. 234, 240, 584 S.E.2d 432, 435 (Ct. App. 2003) (finding in case decided before Gentry that crack cocaine indictment which did not list mens rea element of "knowingly" nevertheless was sufficient to confer subject matter jurisdiction on the circuit court).
>
> We conclude the indictment contained the necessary elements of the offense intended to be charged and sufficiently apprised Respondent of what he was required to meet. Accordingly, we reverse the order of the PCR judge granting Respondent's application.

*Richards v. State*, Memorandum Opinion No. 2005-MO-040 (S.C. Aug. 15, 2005).

Petitioner raises two grounds in the Section 2254 Petition: *(1)* "I AM BEING UNLAWFULLY DETAINED" because Judge Jackson Gregory issued an order granting post-conviction relief; and *(2)* "I WAS ALSO TOLD THAT I WOULD BE SERVING A SECOND SENTENCE FOR THIS OFFENSE UPON RELEASE[.]"

## *Discussion*

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Petition and the Form AO 240 (motion for leave to proceed *in forma pauperis*) pursuant to the procedural provisions of 28 U.S.C. § 1915 and the Anti-Terrorism and Effective Death Penalty Act of 1996. The review[*] has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490

---

[*] Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 DSC, the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

U.S. 319 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Corr.*, 64 F.3d 951 (4th Cir. 1995)(*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Loe v. Armistead*, 582 F.2d 1291 (4th Cir. 1978); and *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Petitioner is a *pro se* litigant, and thus his pleadings are accorded liberal construction. *See Erickson v. Pardus*, 551 U.S. 89 (2007)(*per curiam*); *Hughes v. Rowe*, 449 U.S. 5, 9-10 & n. 7 (1980)(*per curiam*); and *Cruz v. Beto*, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true. *Fine v. City of New York*, 529 F.2d 70, 74 (2nd Cir. 1975). Even when considered under this less stringent standard, the Petition is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dept. of Social Servs*, 901 F.2d 387 (4th Cir. 1990).

With respect to his conviction, Petitioner's sole federal remedy is a writ of habeas corpus under 28 U.S.C. § 2241 or 28 U.S.C. § 2254, which can be sought only after he has exhausted his state court remedies. *See* 28 U.S.C. § 2254(b); *Picard v. Connor*, 404 U.S. 270 (1971); and *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 490-491 (1973) (exhaustion required under 28 U.S.C. § 2241). Although Petitioner exhausted his state court remedies in state court proceedings in Case No. 2003-CP-02-042, he has, in the case at bar, submitted a successive habeas corpus petition.

In *Larkland Richards v. Henry McMaster; Jon Ozmint; and Warden Trenton Correctional Institution*, Civil Action No. 2:06-3343-MBS-RSC, Petitioner on November 27, 2006, brought a habeas corpus action to challenge his conviction for distribution of crack

4

cocaine. On December 12, 2006, the Honorable Robert S. Carr, United States Magistrate Judge, directed the respondent to file an Answer. On February 5, 2007, the respondent in Civil Action No. 2:06-3343-MBS-RSC filed an Answer and motion for summary judgment. Magistrate Judge Carr, in an order filed on February 6, 2007, apprised Petitioner of dispositive motion procedure, as required by *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975). Petitioner, initially, failed to respond to *Roseboro* order. Hence, Magistrate Judge Carr, in an order filed on March 20, 2007, issued a ten-day order to notify Petitioner that the case may be dismissed *with prejudice* if Petitioner failed to respond. On March 23, 2007, Petitioner responded to the motion for summary judgment.

In a Report and Recommendation filed in Civil Action No. 2:06-3343-MBS-RSC on March 30, 2007, Magistrate Judge Carr recommended that the respondent's motion for summary judgment be granted. The parties in Civil Action No. 2:06-3343-MBS-RSC were apprised of their right to file timely written objections to the Report and Recommendation and of the serious consequences of a failure to do so. On April 23, 2007, Petitioner filed written objections to the Report and Recommendation.

In an Order filed in Civil Action No. 2:06-3343-MBS-RSC on September 4, 2007, the Honorable Margaret B. Seymour, United States District Judge, adopted the Report and Recommendation and granted summary judgment to the respondent. *Richards v. Warden,* Civil Action No. 2:06-3343-MBS-RSC, 2007 WL 2580024 (D.S.C. Sept. 4, 2007).

Petitioner's subsequent appeal in Civil Action No. 2:06-3343-MBS-RSC (Fourth Circuit Docket No. 07-7662) was not successful. The United States Court of Appeals for the Fourth Circuit on June 23, 2008, denied a certificate appealability and dismissed the

appeal. *Richards v. McMaster*, No. 07-7662, 282 Fed.Appx. 258, 2008 WL 2491406 (4th Cir. Sept. June 23, 2008).

The standard for determining whether a petition is successive appears in *Slack v. McDaniel*, 529 U.S. 473, 485-89 (2000) (to qualify as "successive" petition, prior petition must have been adjudicated on the merits). *See also Tyler v. Cain*, 533 U.S. 656 (2001) (Section 2244(b) applies when first habeas corpus petition adjudicated on the merits was filed prior to enactment of AEDPA and second petition was filed after enactment of AEDPA). Since Civil Action No. 2:06-3343-MBS-RSC was decided by summary judgment, the Petition in the above-captioned case (Civil Action No. 8:12-0476-MBS-JDA) is successive.

This court may take judicial notice of Civil Action No. 2:06-3343-MBS-RSC. *See Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'"); and *Mann v. Peoples First National Bank & Trust Co.*, 209 F.2d 570, 572 (4th Cir. 1954).

When a petitioner has previously litigated a § 2254 petition, he or she must, "[b]efore a second or successive application permitted by this section is filed in the district court," . . . "move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). *See also* Rule 9, Rules Governing Section 2254 Cases in the United States District Courts: "Before presenting a second or successive petition, the petitioner must obtain an order from the appropriate court of appeals authorizing the district court to consider the petition as required by 28 U.S.C. § 2243(b)(3) and (4)."

In any event, there is no indication in the present petition that Petitioner has sought leave from the United States Court of Appeals for the Fourth Circuit to file the Petition in the above-captioned case. Leave from the United States Court of Appeals for the Fourth Circuit is now required under the Anti-Terrorism and Effective Death Penalty Act of 1996 for filers of successive § 2254 petitions. *In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1996) ("Under the AEDPA, an individual may not file a second or successive § 2254 petition for a writ of habeas corpus or § 2255 motion to vacate sentence without first receiving permission to do so from the appropriate circuit court of appeals."). Before Petitioner attempts to file another petition in the United States District Court for the District of South Carolina, he **must** seek and obtain leave (*i.e.*, written permission) from the United States Court of Appeals for the Fourth Circuit pursuant to 28 U.S.C. § 2244(b)(3). Petitioner can obtain the necessary form for doing so from the Clerk's Office of the United States Court of Appeals for the Fourth Circuit (1100 East Main Street — Suite 501, Richmond, Virginia 23219-3517). *See In re: Williams*, 330 F.3d 277 (4th Cir. 2003). The form is entitled "Motion for Authorization to File Successive Application under 28 U.S.C. § 2244."

On December 1, 2009, the Rules governing Section 2254 and 2255 cases in the United States District Courts were amended to require that the district court issue or deny a certificate of appealability when a final ruling on a post-conviction petition, such as a habeas corpus action, is issued. *See* Rule 11(a), Rules Governing Section 2254 Cases in the United States District Courts: "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."

## *Recommendation*

Accordingly, it is recommended that the Section 2254 Petition be dismissed *without prejudice and without requiring Respondent to file an Answer or return. See Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (federal district courts have duty to screen habeas corpus petitions and eliminate burden placed on respondents caused by ordering an unnecessary answer or return); *Toney v. Gammon*, 79 F.3d 693, 697 (8th Cir. 1996) ("However, a petition may be summarily dismissed if the record clearly indicates that the petitioner's claims are either barred from review or without merit."); and *Baker v. Marshall*, No. C 94-3649 VRW, 1995 WL 150451 (N.D. Cal. March 31, 1995) ("The District Court may enter an order for the summary dismissal of a habeas petition if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in this Court."), which are cited in *Coleman v. Owen*, Civil Action No. 0:10-2151-SB-PJG, 2010 WL 3842381 (D.S.C. Aug. 30, 2010), *adopted*, 2010 WL 4337995 (D.S.C. Oct. 22, 2010). It is also recommended that the District Court deny a Certificate of Appealability. *See* Rule 4, Rules Governing Section 2254 Cases in the United States District Courts: "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Petitioner's attention is directed to the important notice on the next page.

                                                s/Jacquelyn D. Austin

February 23, 2012                Jacquelyn D. Austin
Greenville, South Carolina      United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

Petitioner is advised that he may file specific written objections to this Report and Recommendation with the District Judge.  **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.**  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Larry W. Propes, Clerk of Court**
**United States District Court**
**300 East Washington Street — Room 239**
**Greenville, South Carolina 29601**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).