IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| Larkland Richards, #281768, | ) | |
|---|---|---|
| | ) | Civil Action No. 8:12-476-MBS-JDA |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | **ORDER AND OPINION** |
| | ) | |
| Cecilia Reynolds, Warden of Kershaw Correctional Institution, | ) ) | |
| | ) | |
| Respondent. | ) | |

On February 23, 2012, Larkland Richards ("Petitioner"), a South Carolina state prisoner proceeding *pro se* and *in forma pauperis*, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF No. 1. Pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), D.S.C., the matter was referred to United States Magistrate Judge Jacquelyn D. Austin for pretrial handling. The Magistrate Judge reviewed the complaint pursuant to the provisions of 28 U.S.C. §§ 1915 and 1915A.

On February 23, 2012, the Magistrate Judge issued a Report and Recommendation in which she found that the petition was successive and that Petitioner had not obtained authorization to file a successive petition from the Fourth Circuit. ECF No. 11. The Magistrate Judge noted that Petitioner had previously filed a § 2254 petition in this court, which was adjudicated on the merits and denied. *See Richards v. Warden*, No. 2:06-CV-3343-MBS (D.S.C. Sep. 4, 2007) (ECF No. 16). Accordingly, the Magistrate Judge recommended that the petition be dismissed without issuance and service of process. Petitioner filed objections to the Magistrate Judge's Report and Recommendation on March 13, 2012. ECF No. 14.

1

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). This court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. 28 U.S.C. § 636(b)(1). This court may also receive further evidence or recommit the matter to the Magistrate Judge with instructions. *Id.* This court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.*

In Petitioner's objections, he cites an earlier version of Rule 9(b) of the Rules Governing Section 2254 Cases. However, this language was based on prior law that was modified in 1996 by the Antiterrorism and Effective Death Penalty Act ("AEDPA). The current version of Rule 9 states: "Before presenting a second or successive petition, the petitioner must obtain an order from the appropriate court of appeals authorizing the district court to consider the petition as required by 28 U.S.C. § 2244(b)(3) and (4)." If any of a petitioner's habeas claims have been adjudicated on the merits, a subsequent petition attacking the same sentence is necessarily "successive" unless it challenges some defect that arose after the sentence. *See Burton v. Stewart*, 549 U.S. 147, 154-56 (2007) (per curiam); *Leal Garcia v. Quarterman*, 573 F.3d 214, 224 (5th Cir. 2009). In the absence of authorization by the court of appeals, a district court lacks jurisdiction to hear a successive petition. *Burton*, 549 U.S. at 152. Because Petitioner's previous § 2254 petition was adjudicated on the merits and Petitioner has not obtained authorization from the Fourth Circuit, his successive petition must be dismissed.

## **CONCLUSION**

After a *de novo* review of the record in this case, the Court determines that Petitioner's objections to the Magistrate Judge's Report and Recommendation are without merit.

Accordingly, the Court adopts the Magistrate Judge's Report and Recommendation and incorporates it herein. Petitioner's action is dismissed without prejudice and without issuance or service of process. Before Petitioner attempts to file another petition for writ of habeas corpus in this district challenging the same state court sentence, he must seek and obtain permission from the United States Court of Appeals for the Fourth Circuit pursuant to 28 U.S.C. § 2244(b)(3). Petitioner may obtain the necessary form from the Fourth Circuit Clerk's Office (1100 East Main Street – Suite 501, Richmond, Virginia 23219-3517). The form is entitled "Motion for Authorization to File Successive Application under 28 U.S.C. § 2244."

## CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2254 Cases, as effective December 1, 2009, provides that the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003); *Rose v. Lee*, 252 F.3d 676, 683-84 (4th Cir. 2001). The court concludes that Petitioner has not made the requisite showing. Accordingly, the court denies a certificate of appealability.

**IT IS ORDERED.**

                                            s/ Margaret B. Seymour
                                            Margaret B. Seymour
                                            Chief United States District Judge

Columbia, South Carolina
April 2, 2012